In re the Matter of A.C.[1], Petitioner,

v.

E.C., Respondent.

File No. CS09–02606.

Family Court of Delaware,
Sussex County.

Submitted: Jan. 8, 2013.
Decided: Feb. 21, 2013.

---

1. Pseudonyms have been used for the names of the parties and other persons involved as needed to protect identity pursuant to Delaware Supreme Court Rule 7(d).

A.C., Newark, Delaware, pro se.

E.C., Millsboro, Delaware, pro se.

## MODIFICATION OF ALIMONY

JONES, Judge:

### OPINION

Pending before the Court is a Petition for Modification of Alimony filed by A.C.

("husband") through his guardian *ad litem* ("GAL") on June 1, 2012 pursuant to Title 13, Section 1519(a)(4) of the Delaware Code. Husband argues that a real and substantial change in circumstances exists to allow the Court to terminate husband's Court-ordered monthly alimony obligation to E.C.("wife").

### Background

Husband and wife were divorced by final decree of this Court on February 3, 2010, and this Court retained jurisdiction over the ancillary matters of alimony, court costs, and counsel fees. Due to husband's failing health, the Court appointed husband's daughter as GAL for husband on July 8, 2010. Pursuant to a Court Order dated December 13, 2010, husband was ordered by this Court to pay wife alimony in the amount of $340 per month.

In November 2011, husband was admitted to the long-term care facility Millcroft in Newark, Delaware, and was approved for Medicaid under the Medicaid long-term care ("LTC") program to fund his residence in this facility. However, husband must pay a certain amount, as determined by the Delaware Division of Social Services ("DSS"), each month to Millcroft for his residence there. As of February 1, 2012, husband's patient-pay liability as determined by DSS was $2,956.96 per month. DSS arrived at this amount by taking husband's monthly pension and Social Security Income of $3,018.46 per month, and deducting a protected income deduction in the amount of $17.50 per month for husband's medical insurance and a personal needs deduction of $44.00 per month.[2]

Husband, through his GAL, requested a fair hearing of DSS' determination of husband's patient-pay liability. Husband

2. *See* Pet. for Modification of Alimony, Ex. B.

argued that his Court-ordered monthly alimony payments should have been deducted from husband's available income that DSS used to calculate husband's patient-pay liability. DSS issued its fair-hearing decision on April 14, 2012, and affirmed its inclusion of husband's Court-ordered alimony payments in husband's available income for the purposes of determining husband's patient-pay liability. In support of its determination, DSS explained that Delaware's Medicaid LTC program does not allow for a deduction from available income of an alimony obligation.[3]

On June 1, 2012, husband, through his GAL, filed the pending Petition for Modification of Alimony ("Petition"). Husband argues that because his Court-ordered alimony payments were not deducted from his available income when DSS calculated his patient-pay liability to Millcroft under the Medicaid LTC program, he is unable to both make his monthly alimony payments to wife and pay what he is required to pay each month to Millcroft. A Pre-Trial Hearing on husband's Petition was held before this Court on November 2, 2012. At this Hearing, it was determined that husband was current on his alimony obligations through July 2012. The Court issued an order dated November 13, 2012 which temporarily suspended husband's alimony obligations pending a full hearing on the Petition.

On January 8, 2013, husband's GAL and wife appeared before this Court for a hearing on the Petition. At this hearing, husband, through his GAL, presented evidence that husband's patient-pay amount at Millcroft, effective January 1, 2013 is now $2,982.06.[4]

## Applicable Law

### 1. Delaware's Medicaid LTC Program

■ Medicaid is a cooperative federal-state endeavor designed to provide health care to needy individuals.[5] A state is not required to participate in Medicaid, but once it chooses to do so, the state must "create a plan that conforms to the requirements of the Medicaid statute and the federal Medicaid regulations."[6] The Federal Medicaid Act provides that in administering its Medicaid program, a state "must set forth reasonable standards for assessing an individual's income and resources in determining *eligibility for*, and the *extent of*, medical assistance under the program."[7] In light of this statute, courts have determined that there is no relevant distinction between the determination of available income both for the purposes of determining availability for Medicaid and for determining the extent of a patient's Medicaid benefits once it has already been determined that the patient is eligible for Medicaid.[8] These standards for determin-

---

3. *See* Pet. for Modification of Alimony, Ex. D.

4. *See* Pet'r Ex. 1; This slight increase in husband's patient-pay liability was due to a slight increase in husband's Social Security Income from $1,451.90 in 2012 to $1,477.00 in 2013 (*See* Pet'r Ex. 4).

5. *See Dep't. of Health Servs. v. Sec'y. of Health & Human Servs.*, 823 F.2d 323, 325 (9th Cir. 1987).

6. *Id.*

7. 42 U.S.C.A. § 1396a (a)(17) (West 2012) (emphasis added).

8. *See, e.g. Ussery v. Kansas Dep't. of Soc. and Rehab. Servs.*, 258 Kan. 187, 899 P.2d 461, 465 (1995) ("That distinction [between Medicaid eligibility and determining the level of benefits or amount of patient liability] is irrelevant ... A state could adopt one income methodology for determining eligibility and another for determining the extent of benefits (as long as both methodologies were within the overall limits of the federal scheme if the state wanted to receive full federal participation)."); *Peura v. Mala*, 977 F.2d 484, 487 n. 4 (9th Cir.1992) (citing *Emerson v. Steffen*, 959 F.2d 119, 121 (8th Cir.1992))("The *Emer-*

ing a patient's available income must take into account "only such income and resources as are, as determined in accordance with standards prescribed by the Secretary [of Health and Human Services], *available to* the applicant or recipient." [9]

■ States that participate in the Medicaid program have the option of developing their own methodologies for determining available income, but their methodologies can be "no more restrictive than the methodology ... under the Supplemental Security Income [SSI] program under Title XVI." [10] There is no federal statute or regulation which grants an explicit exemption from available income for court-ordered maintenance payments,[11] however, under the SSI statutes, court-ordered maintenance payments *may* be considered available income to the payor, as nothing in the Federal Medicaid statute precludes a state from being less restrictive in requirements than the SSI program.[12] Therefore, while federal law does not explicitly exempt alimony from available income, a state may choose to exempt alimony from its determination of available income in the standards set forth by the state for determining income under the state's Medicaid program.

■ Because there is no federal exemption from available income for court-ordered maintenance payments, alimony

payments should only be deducted from available income when a state, in setting forth its standards for the determination of available income under the Medicaid program, provides an explicit exemption from available income for alimony payments, or has adopted a less restrictive definition of available income which allows a deduction for such payments.[13] In the standards set forth by Delaware DSS for determining patient-pay liability under the Medicaid LTC program, there is no explicit deduction for alimony or any other court-ordered maintenance payments. The only allowable deductions from a recipient's income when calculating the recipient's patient-pay amount under the LTC program are: (1) personal needs; (2) expenses incurred for necessary medical care; (3) community spouse income allowance or $75 home maintenance disregard (if applicable); and (4) family allowance (if applicable).[14] Further, the definition for "available income" under the Delaware Medicaid LTC program states

> available income is the total amount of money authorized (designated by the payor) for the recipient's benefit, *whether received by the recipient directly or received by a representative payee.* Income includes anything received by the individual, in cash or in kind, that can be used to meet needs for food, clothing, or shelter.[15]

son court apparently found no reason to distinguish between [the Medicaid eligibility criteria and criteria for determining extent of medical assistance], and in view of the [federal Medicaid's] statute's silence regarding any distinction, we agree.").

9. 42 U.S.C.A. § 1396a (a)(17)(B) (West 2012) (emphasis added).

10. 42 U.S.C.A. § 1396a (r)(2)(A) and (B) (West 2012); *See also Mulder v. South Dakota Dep't. of Soc. Servs.,* 675 N.W.2d 212, 215 (S.D.2004).

11. *See Ussery,* 899 P.2d at 465.

12. *See Mulder,* 675 N.W.2d at 216 n. 5; *Emerson,* 959 F.2d at 123 (explaining that states do not have to exclude child-support payments when determining Medicaid eligibility, although they may choose to do so).

13. *See Ussery,* 899 P.2d at 465–66.

14. *See* 16 Del. Admin. Code § 5100–20620.

Accordingly, Delaware does not explicitly allow for alimony deductions from available income for the purposes of determining patient-pay liability under the Medicaid LTC program. Further, the definition provided for "available income" under Delaware's Medicaid LTC program is not a restrictive definition that would support an interpretation that alimony payments are not included in available income. In fact, the language in the definition of "available income" stating that "available income" includes money "received by the recipient directly or by a representative payee" indicates that the most likely interpretation of "available income" under the Delaware Medicaid LTC program is that a recipient's available income includes court-ordered alimony payments made by the recipient.

## 2. Modification of Alimony

Title 13, Section 1519(a)(4) of the Delaware Code states that alimony can be modified or terminated only upon "a showing of real and substantial change of circumstances."[16] Other courts, in deciding the issue of whether court-ordered support payments should be included as available income under a state's Medicaid program, have noted that if such payments are included as available income, an available remedy for the recipient/payor would be to return to the court that ordered the support payments and seek a reduction in the payments.[17]

### Findings

■ The original alimony order requiring husband to pay $340 in alimony to wife each month was entered on December 13, 2010. Since that point in time, husband's health has deteriorated to the point where husband can no longer care for himself and must reside in a long-term care facility. DSS has determined that as of February 1, 2012, husband's patient-pay amount to Millcroft was $2,956.96. Further, at a fair hearing, DSS affirmed its decision to include husband's Court-ordered alimony payments in husband's available income when calculating this patient-pay liability.[18] As of January 1, 2013, husband's patient-pay amount is $2,982.06. DSS used the same method of calculating the patient-pay liability to arrive at this amount as the methodology it affirmed through its April 14, 2012 fair hearing decision, with the only difference being that the January 1, 2013 amount was calculated using husband's slightly increased Social Security Income for 2013.

When entering its December 13, 2010 alimony Order, the Court took into account husband's and wife's income and expenses

---

15. 16 Del. Admin. Code § 5100–20200.1 (emphasis added).

16. DEL.CODE ANN. tit. 13, § 1519(a)(4) (2012).

17. See Peura, 977 F.2d at 490 n. 7 ("We note that Peura has available to him the option of returning to state court to seek reduction in his child support obligations."); see also Mulder, 675 N.W.2d at 221 (Zinter, J., dissenting) ("If Mulder is unable to pay for his own basic care and his court ordered spousal support, his remedy is to reduce his alimony obligation.")(referencing Peura, 977 F.2d at 490 n. 7).

18. The Court notes that this Court does not have the jurisdiction to review this determination by DSS at the fair hearing. Title 31, Section 520 of the Delaware Code confers upon the Superior Court the jurisdiction to hear an appeal to an administrative hearing if the appeal is filed within 30 days from the date of the hearing decision. Accordingly, the April 14, 2012 DSS decision from the fair hearing could have been appealed to the Superior Court within 30 days of the decision; however, the time period during which an appeal could have been timely filed has now passed.

when determining husband's alimony obligations to wife.[19] At that time, husband was not residing at Millcroft, and therefore did not have a patient-pay obligation under the Medicaid LTC program for his residence at Millcroft. Now, however, husband must pay nearly his entire monthly income, minus small deductions for his medical insurance and personal needs, to Millcroft. Accordingly, I am satisfied that there has been a real and substantial change in circumstances since the original alimony Order to justify terminating husband's monthly alimony obligations to wife. Husband can no longer afford to pay wife alimony, as nearly all of husband's monthly income goes towards husband's patient-pay liability for his residence at Millcroft.

Therefore, husband's alimony obligation of $340 per month to wife is hereby **terminated.** Husband shall no longer be required to make such alimony payments. Additionally, husband shall not be responsible for any alimony arrears that have accumulated from the time husband stopped making alimony payments in July 2012 until the alimony obligation was suspended in November 2012.

**IT IS SO ORDERED.**

---

**19.** *See* Del.Code Ann. tit. 13, § 1512(c) (2012) (listing factors for the Court to consider when deciding whether to award alimony in a given case and, if alimony will be awarded, what the amount of the alimony award should be).